(July 22, 2015)

■ BAYVIEW LOAN SERVICING, LLC, Appellant, v JEAN BERNARD et al., Defendants. [12 NYS3d 894]—In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated September 22, 2014, as, upon reargument, adhered to its prior determination in an order dated August 6, 2013, denying that branch of its unopposed motion which was for an order of reference.

Ordered that the order dated September 22, 2014, is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the determination in the order dated August 6, 2013, denying that branch of the plaintiff's motion which was for an order of reference is vacated, and that branch of the plaintiff's motion is granted.

The Supreme Court erred, upon reargument, in adhering to its original determination denying that branch of the plaintiff's unopposed motion which was for an order of reference. The defendants failed to answer the complaint within the time allowed, and the plaintiff demonstrated its entitlement to an order of reference by submitting, in support of its unopposed motion, the mortgage, the note, and affidavits from its employees attesting to the default (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705, 707 [2012]).

It was also error for the Supreme Court to raise the issue of the plaintiff's standing sua sponte. Since the defendants did not answer the complaint, and did not make a pre-answer motion to dismiss the complaint, they waived the defense of lack of standing (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]; *JPMorgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821, 822 [2014]) in connection with that branch of the plaintiff's motion which was for an order of reference. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.