■ AURORA LOAN SERVICES, LLC, Respondent, v MARIO LUCERO et al., Defendants, and ROSA SOTO, Appellant. [14 NYS3d 707]—

In an action to foreclose a mortgage, the defendant Rosa Soto appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 30, 2014, which denied her motion to vacate her default in appearing or answering and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

" 'A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense' " (*Emigrant Bank v O. Carl Wiseman*, 127 AD3d 1013, 1014 [2015], quoting *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]). Here, the defendant Rosa Soto failed to establish a reasonable excuse for her default. Soto's bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavit of service of the plaintiff's process server (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]; *Bank of N.Y. v Samuels*, 107 AD3d 653, 653 [2013]; *Reich v Redley*, 96 AD3d 1038, 1038 [2012]). Moreover, Soto's conclusory, undetailed, and uncorroborated allegation of law office failure did not constitute a reasonable excuse (*see Neilson v 6D Farm Corp.*, 123 AD3d 676, 679 [2014]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]; *Piton v Cribb*, 38 AD3d 741, 742 [2007]).

Since Soto failed to demonstrate a reasonable excuse, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense (*see Emigrant Bank v O. Carl Wiseman*, 127 AD3d 1013, 1013 [2015]; *HSBC Bank USA, N.A. v Rotimi*, 121 AD3d 855, 855 [2014]; *Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1026 [2013]; *Trepel v Greenman-Pedersen, Inc.*, 99 AD3d 789 [2012]; *Tribeca Lending Corp. v Correa*, 92 AD3d 770, 771 [2012]).

Accordingly, the Supreme Court providently exercised its discretion in denying Soto's motion to vacate her default in appearing or answering and for leave to serve a late answer. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.