■ TCIF REO GCM, LLC, Plaintiff, v RICHARD WALKER, Respondent, et al., Defendants. RANDOM PROPERTIES ACQUISITION CORP. III, Nonparty Appellant. [32 NYS3d 223]—

In an action to foreclose a mortgage, the nonparty Random Properties Acquisition Corp. III appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated September 29, 2014, as denied its motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, for an order of reference, and to amend the caption to substitute itself as the plaintiff and Shelly Buchanan and Jonathan Strong as defendants instead of the defendants sued as "Jane Doe" and "John Doe," and granted that branch of the cross motion of the defendant Richard Walker which was pursuant to CPLR 3012 (d) to extend his time to answer the complaint and to compel acceptance of service of the answer.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion of the nonparty Random Properties Acquisition Corp. III for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, for an order of reference, and to amend the caption to substitute itself as the plaintiff and Shelly Buchanan and Jonathan Strong as defendants instead of the defendants sued as "Jane Doe" and "John Doe" is granted, and that branch of the cross motion of the defendant Richard Walker which was pursuant to CPLR 3012 (d) to extend his time to answer the complaint and to compel acceptance of service of the answer is denied.

In this mortgage foreclosure action, the nonparty Random Properties Acquisition Corp. III (hereinafter RPAC) moved for leave to enter a default judgment against the defendants upon their failure to answer the complaint, for an order of reference, and to amend the caption to substitute itself as the plaintiff and Shelly Buchanan and Jonathan Strong as defendants instead of the defendants sued as "Jane Doe" and "John Doe." The defendant Richard Walker cross-moved, inter alia, pursuant to CPLR 3012 (d) to extend his time to answer the complaint and to compel acceptance of service of that answer. In the order appealed from, the Supreme Court, inter alia, denied RPAC's motion and granted that branch of Walker's cross motion which was pursuant to CPLR 3012 (d) to extend his time to answer the complaint and to compel acceptance of service of the answer. We reverse the order insofar as appealed from, grant RPAC's motion, and deny that branch of Walker's cross motion.

The Supreme Court should have denied that branch of Walker's cross motion which was pursuant to CPLR 3012 (d) to extend his time to answer the complaint and to compel acceptance of service of that answer. "A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Citimortgage, Inc. v Kowalski*, 130 AD3d 558, 558 [2015]; *see Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012 [2015]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]). Here, Walker failed to establish a reasonable excuse. Walker's submissions did not rebut the prima facie proof of proper service set forth in the affidavit of service. Since Walker failed to demonstrate a reasonable excuse, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see Aurora Loan Servs., LLC v Lucero*, 131 AD3d 496, 497 [2015]; *Emigrant Bank v O. Carl Wiseman*, 127 AD3d 1013, 1014 [2015]; *HSBC Bank USA, N.A. v Rotimi*, 121 AD3d 855, 856 [2014]).

Additionally, the Supreme Court should have granted RPAC's motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, for an order of reference, and to amend the caption to substitute itself as the plaintiff and Shelly Buchanan and Jonathan Strong as defendants instead of the defendants sued as "Jane Doe" and "John Doe." "On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (*BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 790 [2015] [internal quotation marks omitted]; *see* CPLR 3215 [f]). Here, RPAC met these requirements by submitting, inter alia, the affidavit of its servicing agent, a limited power of attorney, the note, and affidavits of service (*see e.g. U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]). Further, RPAC submitted evidence that the plaintiff's interest in the note was assigned to RPAC subsequent to the commencement of this action (*cf. Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]). RPAC also submitted evidence that Shelly Buchanan and Jonathan Strong were cotenants in possession of a portion of the mortgaged premises, and that they were served with process (*cf. Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.