■ NATIONSTAR MORTGAGE, LLC, Respondent, v ALTON McLEAN, Defendant, and LEWELLYN DILLARD, Appellant. [35 NYS3d 188]—

In an action to foreclose a mortgage, the defendant Lewellyn Dillard appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (M. Smith, J.), dated April 30, 2015, as denied, without a hearing, those

branches of his motion which were pursuant to CPLR 5015 (a) (1) and (4) to vacate an order of reference of the same court dated March 3, 2015, as amended by an order of the same court dated March 25, 2015, entered upon his failure to appear or answer the complaint, and denied that branch of his motion which was pursuant to CPLR 602 to consolidate this action with a proceeding entitled *McLean v Dillard*, pending in the Mount Vernon City Court under index No. LT 0674/2015.

Ordered that the order dated April 30, 2015, is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied, without conducting a hearing on the issue of service of process, that branch of the motion of the defendant Lewellyn Dillard which was pursuant to CPLR 5015 (a) (4) to vacate an order of reference entered upon his failure to appear or answer the complaint. Dillard's allegations lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the process server's affidavit of service (*see Wells Fargo Bank, N.A. v Kohn*, 137 AD3d 897, 898 [2016]; *Citimortgage, Inc. v Baser*, 137 AD3d 735, 736 [2016]; *Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]).

Moreover, the Supreme Court properly denied that branch of Dillard's motion which was pursuant to CPLR 5015 (a) (1). A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the failure to appear and answer the complaint and a potentially meritorious defense to the action (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1049 [2015]; *Wells Fargo Bank, N.A. v Mazzara*, 124 AD3d 875, 875 [2015]). Dillard failed to establish a reasonable excuse for his default (*see Bank of N.Y. v Samuels*, 107 AD3d at 654; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 765 [2012]). Since Dillard did not demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d at 1049; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 765).

In light of the foregoing, the issue of whether this action should have been consolidated with a proceeding entitled *McLean v Dillard*, pending in the Mount Vernon City Court under index No. LT 0674/2015, has been rendered academic.

Dillard's remaining contention is without merit. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.