■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff, v EUFEMIO ZAPATA, Respondent, et al., Defendants. WALWORTH EQUITY HOLDING, LLC, Nonparty Appellant. [40 NYS3d 438]—

In an action to foreclose a mortgage, nonparty Walworth Equity Holding, LLC, appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated January 10, 2014, which denied that branch of the plaintiff's motion, in which it joined, which was for an order of reference, and granted that branch of the cross motion of the defendant Eufemio Zapata, which it opposed, which was for leave to serve and file a late answer.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was for an order of reference is granted and that branch of the cross motion of the defendant Eufemio Zapata which was for leave to serve and file a late answer is denied.

On January 5, 2006, the defendant Eufemio Zapata executed a note in the sum of $403,000 in favor of nonparty Mid-Island

Mortgage Corp. (hereinafter Mid-Island), which was secured by a mortgage against real property owned by Zapata. In December 2009, the plaintiff commenced this foreclosure action, alleging that the subject note and mortgage were assigned from Mid-Island to the plaintiff on December 1, 2009. In May 2012, the plaintiff allegedly assigned the note and mortgage back to Mid-Island, and in October 2012, Mid-Island allegedly assigned the note and mortgage to nonparty Walworth Equity Holding, LLC (hereinafter Walworth). The plaintiff moved, inter alia, for an order of reference, asserting that Zapata failed to timely appear or serve an answer to the complaint. Zapata cross-moved, among other things, for leave to serve and file a late answer. Walworth joined in the plaintiff's motion and opposed Zapata's cross motion. In an order dated January 10, 2014, the Supreme Court denied that branch of the plaintiff's motion which was for an order of reference, and granted that branch of Zapata's cross motion which was for leave to serve and file a late answer. Walworth appeals.

"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]). " 'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court' " (*id.*, quoting *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]). Here, Zapata's participation in settlement conferences and loan modification negotiations did not constitute a reasonable excuse for his default (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1109 [2016]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]). Inasmuch as Zapata failed to demonstrate a reasonable excuse for the default, we need not consider whether he offered a potentially meritorious defense to the action (*see U.S. Bank N.A. v Ahmed*, 137 AD3d at 1109; *SDF8 CBK, LLC v 689 St. Marks Ave., Inc.*, 131 AD3d 1037, 1038 [2015]). Accordingly, the Supreme Court should have denied that branch of Zapata's cross motion which was for leave to serve and file a late answer.

Furthermore, the Supreme Court should have granted that branch of the plaintiff's motion which was for an order of reference, inasmuch as the plaintiff submitted, inter alia, the mortgage and note, the complaint setting forth the facts establishing the claim, and an affidavit attesting to the default,

and Zapata did not appear or answer within the time allowed (*see* RPAPL 1321; *Wells Fargo Bank, NA v Ambrosov,* 120 AD3d 1225, 1226 [2014]; *HSBC Bank USA, N.A. v Betts,* 67 AD3d 735, 736 [2009]).

To the extent that Walworth raises an argument on appeal regarding that branch of the plaintiff's motion which was, in effect, to amend the caption, that branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Leventhal, J.P., Maltese, Barros and Connolly, JJ., concur.