■ JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Appellant, v COMFORT BOAMPONG, Respondent, et al., Defendants. [44 NYS3d 189]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Wade, J.), dated October 6, 2014, which denied its motion for an order of reference, in effect, for leave to enter a judgment of foreclosure and sale upon the failure of the defendants Comfort Boampong, Mike Asubonteng, Jr., and Jane Doe #1, to appear or answer the complaint, and to amend the caption, and granted the cross motion of the defendant Comfort Boampong to compel the plaintiff to accept her late answer.

Ordered that the order is reversed, on the law, without costs

or disbursements, the plaintiff's motion for an order of reference, in effect, for leave to enter a judgment of foreclosure and sale upon the failure of the defendants Comfort Boampong, Mike Asubonteng, Jr., and Jane Doe #1, to appear or answer the complaint, and to amend the caption is granted, and the cross motion of the defendant Comfort Boampong to compel the plaintiff to accept her late answer is denied.

The plaintiff commenced this action to foreclose a mortgage given by the defendants Comfort Boampong and Mike Asubonteng, Jr., securing a note in the amount of $528,916. With the exception of the defendant Samuel Feldman Lumber, Co., a lienor which served a limited notice of appearance, the defendants failed to appear or answer the complaint within the time allowed (see CPLR 320). The plaintiff subsequently moved for an order of reference, in effect, for leave to enter a judgment of foreclosure and sale upon the default of Boampong, Asubonteng, and Jane Doe #1 (allegedly an occupant of the subject premises, hereinafter collectively the defendants), in appearing or answering, and to amend the caption by "excising Defendants John Doe and Jane Doe #1 through #7." Boampong cross-moved to compel the plaintiff to accept her late answer. The Supreme Court denied the plaintiff's motion and granted Boampong's cross motion.

"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 969 [2016] [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647 [2014]). Here, Boampong's appearance and participation at two settlement conferences approximately seven months after the action was commenced and approximately 10 months before seeking to compel the plaintiff to accept a late answer, did not constitute a reasonable excuse for her delay in answering (see Mannino Dev., Inc. v Linares, 117 AD3d 995, 995-996 [2014]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647 [2014]; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930 [2011]; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890 [2010]). Since Boampong failed to demonstrate a reasonable excuse for her delay in answering, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Mannino Dev., Inc. v Linares, 117 AD3d at 996; HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648; Bank of N.Y. Mellon v Izmirligil, 88 AD3d at 932). Accordingly, the Supreme Court erred in

granting Boampong's cross motion to compel the plaintiff to accept her late answer.

The Supreme Court also erred in denying the plaintiff's motion. The plaintiff demonstrated its entitlement to an order of reference and leave to enter a judgment of foreclosure and sale upon the defendants' default by submitting proof of service of a copy of the summons and complaint upon all defendants, proof of the facts constituting the claim, and proof that the defendants failed to appear or answer the complaint (*see* CPLR 3215 [f]; RPAPL 1321; *HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009, 1011 [2016]). Moreover, in light of the defendants' failure to appear or answer, and Boampong's failure to demonstrate a reasonable excuse for her delay in answering, the defendants were precluded from asserting the plaintiff's lack of standing as a defense (*see US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015]), and a court may not raise the issue sua sponte (*see Bayview Loan Servicing, LLC v Bernard*, 130 AD3d 850 [2015]). Accordingly, the plaintiff's motion for an order of reference, in effect, for leave to enter a judgment of foreclosure and sale upon the defendants' default in appearing or answering, and to amend the caption should have been granted. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.