■ US Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-3, Respondent, v Marie Jean Louis, Also Known as Marie J. Louis and Another, Appellant, et al., Defendants. [48 NYS3d 458]—

In an action to foreclose a mortgage, the defendant Marie Jean Louis appeals from an order of the Supreme Court, Kings County (Graham, J.), dated August 18, 2015, which granted those branches of the plaintiff's motion which were for leave to enter a default judgment against her upon her failure to appear or answer the complaint, and for an order of reference, and denied her application for leave to serve a late answer.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the application of the defendant Marie Jean Louis for leave to serve a late answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendant Marie Jean Louis, alleging that she had defaulted on her payment obligations. Louis failed to appear or answer the complaint. The plaintiff thereafter moved, inter alia, for a default judgment against Louis and for an order of reference. Louis opposed those branches of the motion, and sought leave to serve a late answer. The Supreme Court granted those branches of the plaintiff's motion and denied Louis's application.

Contrary to Louis's contention, the affidavit of merit from a representative of the plaintiff's servicing agent, accompanied

by a power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff, in which the representative averred that she had acquired personal knowledge of the matters discussed in her affidavit by reviewing the loan servicer's business records, was competent evidence to establish the plaintiff's entitlement to a default judgment against Louis and an order of reference (*see HSBC Bank USA v Angeles*, 143 AD3d 671, 672-673 [2016]; *TCIF REO GCM, LLC v Walker*, 139 AD3d 704, 706 [2016]; *U.S. Bank N.A. v Gulley*, 137 AD3d 1008, 1009 [2016]; *US Bank N.A. v Smith*, 132 AD3d 848, 849-850 [2015]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 805-806 [2013]).

To defeat a facially adequate CPLR 3215 motion, and also to obtain leave to serve a late answer, a defendant who admits to having defaulted in the action must show that she has a reasonable excuse and a potentially meritorious defense to the action (*see Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d 857, 858 [2016]; *U.S. Bank N.A. v Wolnerman*, 135 AD3d 850, 851 [2016]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). Here, contrary to Louis's contention, her appearance and participation in settlement conferences more than two years after the action was commenced, the last of which occurred approximately one year before she opposed the plaintiff's motion and sought leave to serve a late answer, did not constitute a reasonable excuse for her delay in answering (*see JPMorgan Chase Bank, N.A. v Comfort Boampong*, 145 AD3d 981 [2016]; *HSBC Bank USA, N.A. v Grella*, 145 AD3d 669 [2016]; *Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d at 858; *U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1108 [2016]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]). Since Louis failed to demonstrate a reasonable excuse for her delay in answering, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see JPMorgan Chase Bank, N.A. v Comfort Boampong*, 145 AD3d 981 [2016]; *Mannino Dev., Inc. v Linares*, 117 AD3d at 996; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Louis upon her failure to appear or answer the complaint, and for an order of reference, and denied her application for leave to serve a late answer. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.