◼ HSBC Bank USA, N.A., as Trustee on Behalf of Ace Securities Corp. Home Equity Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE4, Asset Backed Pass Through Certificates, Respondent, v Coleen Powell et al., Defendants, and Angella J. Pusey, Appellant. [51 NYS3d 116]—

In an action to foreclose a mortgage, the defendant Angella J. Pusey appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered July 31, 2015, which denied her motion pursuant to CPLR 5015 (a) (1) to vacate an order of reference of the same court entered upon her failure to appear or answer the complaint, and to compel the plaintiff to accept her late answer.

Ordered that the order is affirmed, with costs.

On or about February 1, 2012, the plaintiff commenced this action to foreclose a mortgage given by the defendants Coleen Powell and Angella J. Pusey (hereinafter the appellant), securing a note in the amount of $560,500 and encumbering real property located in Saint Albans, Queens (hereinafter the property). According to an affidavit of service, the appellant was served, inter alia, with the summons and complaint on February 8, 2012, by delivery of the documents to a person of suitable age and discretion at the property, followed by a mailing of the documents to the appellant at the property. The appellant failed to appear, answer, or otherwise move with respect to the complaint, and the plaintiff thereafter moved, inter alia, for an order of reference, which motion was subsequently granted by the Supreme Court without opposition. On March 6, 2014, the appellant mailed an answer to the plaintiff's attorneys, which they rejected as untimely. In February 2015, the appellant moved to vacate the order of reference and to compel the plaintiff to accept her late answer, arguing, inter alia, that she was never served with the summons and complaint. The Supreme Court denied the motion.

" 'To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action' " (*JPMorgan Chase Bank, N.A. v Comfort Boampong*, 145 AD3d 981, 982 [2016], quoting *Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d 969, 969 [2016]; *see* CPLR 3012 [d]; *TCIF REO GCM, LLC v Walker*, 139 AD3d 704, 705 [2016]; *Bank of N.Y. Mellon v Colucci*, 138 AD3d 1047 [2016]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]). " 'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court' " (*HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648, quoting *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]). Here, the appellant's bare denial of service of the summons and complaint did not constitute a reasonable excuse for her delay in answering, so as to entitle her to serve a late answer (*see Goldfarb v Zhukov*, 145 AD3d 757 [2016]; *Nationstar Mtge., LLC v McLean*, 140 AD3d 1131, 1132 [2016]; *Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC*, 140 AD3d 1054, 1055 [2016]; *Aurora Loan Servs., LLC v Lucero*, 131 AD3d 496, 497 [2015]). For the same reasons, the appellant was not entitled to vacatur of the order of reference (*see* CPLR 5015 [a] [1]; *Nationstar Mtge., LLC v McLean*, 140 AD3d at 1132).

Since the appellant failed to demonstrate a reasonable excuse, it is unnecessary to consider whether she demonstrated the existence of a potentially meritorious defense (*see JPMorgan Chase Bank, N.A. v Comfort Boampong*, 145 AD3d 981 [2016]; *Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d 857, 858 [2016]; *Bank of N.Y. Mellon v Colucci*, 138 AD3d 1047 [2016]).

The appellant's remaining contentions either are improperly raised for the first time on appeal or have been rendered academic by our determination.

Accordingly, the Supreme Court properly denied the appellant's motion to vacate the order of reference and to compel the plaintiff to accept her late answer. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.