Appeal from an order of the Supreme Court, Kangs County (Kathy J. King, J.), dated January 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the defendants Urceline Ellis and Chenine Ellis-Dias, to strike their answer, and for an order of reference.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In January 2005, Urceline Ellis and Chenine Ellis-Dias (hereinafter together the defendants) executed a note in the sum of $504,000 in favor of “Wall Street Mortgage Bankers Ltd dba Power Express” (hereinafter Wall Street). The note was secured by a mortgage on residential property in Brooklyn. The mortgage was later assigned to the plaintiff. In May 2009, the plaintiff commenced this action to foreclose the mortgage. The defendants served an answer in which they asserted, among other things, the affirmative defense that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants’ answer, and for an order of reference. In an order dated January 27, 2016, the Supreme Court granted the plaintiff’s motion and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendants appeal from so much of the order as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference.
 

 Where, as here, a plaintiff’s standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 725 [2017]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787 [2016]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754 [2009]). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862 [2017]).
 

 Here, the plaintiff met its prima facie burden of establishing that it had standing to commence the action by submitting the note, endorsed in blank by Wall Street, the original lender, along with the affidavit of April J. Linn, a vice president for Wells Fargo Bank, N.A., doing business as America’s Servicing Company (hereinafter Wells Fargo), the loan servicer, who averred that the plaintiff was in possession of the note, which was endorsed in blank, and that the plaintiff had possession of the note on or before May 13, 2009, the date of commencement of the action (see Central Mtge. Co. v Jahnsen, 150 AD3d 661 [2017]; U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1104 [2017]; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007 [2016]; Citimortgage, Inc. v Klein, 140 AD3d 913, 914-915 [2016]; One W. Bank, FSB v Albanese, 139 AD3d 831, 831 [2016]; U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261 [2016]). In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff’s standing.
 

 The defendants’ remaining contention is improperly raised for the first time on appeal (see Emigrant Bank v Marando, 143 AD3d 856, 857 [2016]; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704 [2015]; Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621, 622 [2014]).
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.