Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 12, 2015. The order, insofar as appealed from, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants James A. Burke and Debra M. Burke and for an order of reference.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action to foreclose a mortgage on residential property owned by the defendants James A. Burke and Debra M. Burke (hereinafter together the defendants). The defendants interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The Supreme Court, inter alia, granted those branches of the motion, and the defendants appeal.
 

 “Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default” (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]; see Flagstar Bank, F.S.B. v Konig, 153 AD3d 790 [2017]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [2016]). Additionally, where, as here, standing is placed in issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Ellis, 154 AD3d 710 [2d Dept 2017]; Flagstar Bank, F.S.B. v Konig, 153 AD3d at 790). A plaintiff in a mortgage foreclosure action has standing where it is the holder of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; U.S. Bank N.A. v Handler, 140 AD3d 948, 949 [2016]). Either a written assignment of the underlying note or physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see U.S. Bank N.A. v Ellis, 154 AD3d 710 [2017]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).
 

 Here, the plaintiff demonstrated, prima facie, that it was a holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312 [2017]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [2017]; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862-863 [2017]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868 [2016]). Furthermore, the plaintiff sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and an affidavit of its loan servicer’s assistant vice president, attesting to the borrower’s default under the terms of the loan (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296 [2017]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726). In opposition, the defendants failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.