HSBC Bank USA, N.A.. v Cooper (2018 NY Slip Op 00280)





HSBC Bank USA, N.A.. v Cooper


2018 NY Slip Op 00280


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-11122
 (Index No. 7635/13)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Pansy N. Cooper, appellant, et al., defendants.


Pansy N. Cooper, Cambria Heights, NY, appellant pro se.
Rosicki, Rosicki & Associates, P.C. (Reed Smith, LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pansy N. Cooper appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Siegal, J.), dated July 8, 2015, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the appellant and for an order of reference are denied, with leave to renew upon proper papers.
The plaintiff commenced this action to foreclose a mortgage against the defendant Pansy N. Cooper and other defendants. Cooper failed to timely answer the complaint, but subsequently moved pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer. The plaintiff opposed Cooper's motion.
While Cooper's motion to compel the plaintiff to accept her late answer was pending and undecided, the plaintiff moved, inter alia, for leave to enter a default judgment against Cooper and for an order of reference. Cooper opposed the motion, arguing that the plaintiff lacked standing to maintain this action.
Subsequently, the Supreme Court denied Cooper's motion to compel the plaintiff to accept her late answer, finding that she failed to show a reasonable excuse for the delay. Thereafter, in the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Cooper and for an order of reference. Cooper appeals.
As a threshold matter, Cooper's contention that the Supreme Court erred in denying her motion to compel the plaintiff to accept her late answer is not properly before the Court on this appeal, as the denial of that motion was the subject of a separate order from which no appeal was taken (see Matter of Miedema v Miedema, 144 AD3d 803, 804).
"Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [internal quotation marks omitted; emphasis added]). Here, the plaintiff submitted an affidavit of merit executed by the Vice President of Loan Documentation for the plaintiff's purported "servicer." However, there is no evidence in the record demonstrating that the Vice President of Loan Documentation had the authority to act on behalf of the plaintiff. Under such circumstances, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Cooper and for an order of reference, with leave to renew upon proper papers (see HSBC Bank USA, N.A. v Betts, 67 AD3d at 736; cf. US Bank N.A. v Louis, 148 AD3d 758, 758-759; Deutsche Bank Natl. Trust Co. v Patrick, 136 AD3d 970, 971; Bayview Loan Servicing, LLC v Bernard, 130 AD3d 850, 850; US Bank N.A. v Poku, 118 AD3d 980, 981).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court