Wells Fargo Bank, N.A. v Pelosi (2018 NY Slip Op 01634)





Wells Fargo Bank, N.A. v Pelosi


2018 NY Slip Op 01634


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06439
2016-06441
 (Index No. 24293/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Tamara Pelosi, appellant, et al., defendant.


James D. Reddy, P.C., Huntington, NY, for appellant.
Aldridge Pite, LLP, Melville, NY (Douglas S. Thaler of counsel), for respondent.



DECISION & ORDER
Appeals from (1) an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 15, 2016, and (2) a judgment of foreclosure and sale of that court, also dated January 15, 2016. The order, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale and denied those branches of the cross motion of the defendant Tamara Pelosi which were pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint and pursuant to CPLR 3012(d) to extend her time to answer the complaint. The judgment of foreclosure and sale, upon the order, inter alia, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated January 15, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In June 2007, the defendant Tamara Pelosi (hereinafter the appellant) borrowed the sum of $341,520. The loan was memorialized by a note and secured by a mortgage against real property in East Moriches. In June 2009, the plaintiff commenced this action to foreclose the mortgage. The appellant defaulted in answering the complaint. The plaintiff subsequently sought and obtained an order of reference, which was entered without opposition. A referee's report was issued in September 2013.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The appellant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint and pursuant to CPLR 3012(d) to extend her time to answer the [*2]complaint. The Supreme Court granted the plaintiff's motion and denied those branches of the appellant's cross motion.
"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; see CPLR 3012[d]; 5015[a][1]; HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858; see also Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825). Here, since the appellant proffered no excuse for her default, those branches of her cross motion which were to vacate her default in answering the complaint and to extend her time to answer the complaint were properly denied without regard to whether she demonstrated the existence of a potentially meritorious defense to the action (see New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012; TD Bank, N.A. v Spector, 114 AD3d 933, 934; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753).
The appellant's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied those branches of the appellant's cross motion which were pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint and pursuant to CPLR 3012(d) to extend her time to answer the complaint. For the same reasons, the plaintiff's motion for a judgment of foreclosure and sale was properly granted.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court