Bank of N.Y. Mellon v Genova (2018 NY Slip Op 02179)





Bank of N.Y. Mellon v Genova


2018 NY Slip Op 02179


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-05823
 (Index No. 130482/12)

[*1]Bank of New York Mellon, etc., respondent,
v
Joseph Genova, also known as Joseph Genova, Jr., appellant, et al., defendants.


Luthmann Law Firm, PLLC, Staten Island, NY (Richard A. Luthmann of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
Appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Charles M. Troia, J.), dated February 9, 2016. The order and judgment, insofar as appealed from, granted the plaintiff's motion, in effect, for summary judgment on the complaint and to confirm a referee's report, and directed the sale of the subject property, and, in effect, denied those branches of the cross motion of the defendant Joseph Genova, also known as Joseph Genova, Jr., which were to vacate his default in appearing or answering and for leave to interpose an answer.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In June 2012, the plaintiff commenced this action against, among others, Joseph Genova, also known as Joseph Genova, Jr. (hereinafter the defendant), to foreclose a mortgage. The defendant failed to appear or answer the complaint. In January 2014, the plaintiff moved for an order of reference. The defendant, pro se, cross-moved to compel the plaintiff to accept a late answer. By order dated June 26, 2014, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to compute the amount due on the mortgage loan. In January 2015, the plaintiff moved, in effect, for summary judgment on the complaint and to confirm the referee's report. The defendant, now represented by counsel, cross-moved, inter alia, to vacate his default in appearing or answering and for leave to interpose an answer. In an order and judgment of foreclosure and sale dated February 9, 2016, the court granted the plaintiff's motion and directed the sale of the subject property, and, in effect, denied the defendant's cross motion. The defendant appeals from so much of the order and judgment as granted the plaintiff's motion and directed the sale of the subject property, and, in effect, denied those branches of his cross motion which were to vacate his default in appearing or answering and for leave to interpose an answer. We affirm insofar as appealed from.
In support of its motion, in effect, for summary judgment and to confirm the referee's report, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by [*2]submitting the mortgage, the note, and an affidavit of its loan servicer's assistant vice president attesting to the borrower's default under the terms of the loan (see Bank of N.Y. Mellon v Burke, 155 AD3d 932; Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296). The plaintiff also demonstrated, prima facie, that it was the holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Bank of N.Y. Mellon v Burke, 155 AD3d at 932). In opposition, the defendant failed to raise a triable issue of fact.
Furthermore, "[a] defendant seeking to vacate a default in appearing or answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825; see Wells Fargo Bank, N.A. v Russell, 101 AD3d 860, 861; Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941; Deutsche Bank Natl. Trust Co. v Rudman, 80 AD3d 651, 652; see also HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858; Mannino Dev. Inc. v Linares, 117 AD3d 995, 995).
Here, the defendant failed to provide a reasonable excuse for his default. His bare and unsubstantiated denial of service of the summons and complaint did not constitute a reasonable excuse for his default in answering, since it lacked the factual specificity and detail required to rebut the prima facie evidence of proper service set forth in the affidavit of the plaintiff's process server (see HSBC Bank USA, N.A. v Powell, 148 AD3d at 1124; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 705; Aurora Loan Servs., LLC v Lucero, 131 AD3d 496, 497). Moreover, the defendant failed to provide a reasonable excuse for his lengthy delay in seeking to vacate his default (see Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d at 825; Arias v First Presbyt. Church in Jamaica, 100 AD3d at 941). Contrary to the defendant's contention, the fact that he was not represented by counsel until he moved to vacate his default did not constitute a reasonable excuse (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167; Dorrer v Berry, 37 AD3d 519, 520).
Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Powell, 148 AD3d at 1124; JPMorgan Chase Bank, N.A. v Comfort Boampong, 145 AD3d 981, 982; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d at 858; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048).
Accordingly, the Supreme Court properly, in effect, denied those branches of the defendant's cross motion which were to vacate his default in appearing or answering and for leave to interpose an answer and granted the plaintiff's motion, in effect, for summary judgment on the complaint and to confirm the referee's report.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court