Deutsche Bank Natl. Trust Co. v Rudman (2019 NY Slip Op 02061)





Deutsche Bank Natl. Trust Co. v Rudman


2019 NY Slip Op 02061


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07913
2017-07914
 (Index No. 1347/07)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Mannes Rudman, et al., appellants, et al., defendant.


Avi Rosenfeld, Lawrence, NY, for appellants.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa and Ben Z. Raindorf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mannes Rudman and Lotty Rudman appeal from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated April 25, 2017. The orders, insofar as appealed from, upon vacating an order of reference dated November 2, 2007, granted that branch of the plaintiff's motion which was for an order of reference.
ORDERED that the orders dated April 25, 2017, are affirmed insofar as appealed from, with one bill of costs.
In January 2007, the plaintiff commenced this action against, among others, the defendants Mannes Rudman and Lotty Rudman (hereinafter together the defendants) to foreclose a mortgage. On November 2, 2007, the Supreme Court granted the plaintiff an order of reference upon the defendants' default. In an order dated July 8, 2009, the court granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale, denied the defendants' cross motion, inter alia, to vacate their default in answering the complaint, and directed the parties to settle judgment on notice. The defendants appealed from that order and, on January 18, 2011, this Court affirmed, holding that the defendants "failed to offer any excuse for their failure to timely answer the complaint" (Deutsche Bank Natl. Trust Co. v Rudman, 80 AD3d 651, 652).
The plaintiff evidently did not submit a proposed judgment of foreclosure and sale and, by order dated December 17, 2014, the Supreme Court found that the plaintiff's application for leave to enter a judgment of foreclosure and sale was "deemed abandoned" for failure to submit a proposed judgment within 60 days after entry of the July 8, 2009, order (see 22 NYCRR 202.48[a]).
By notice of motion dated February 10, 2016, the plaintiff moved, inter alia, to vacate the November 2, 2007, order of reference, and for a new order of reference on the ground that plaintiff's counsel could not confirm that the affidavit of Mark J. Kelly submitted in support of the original order of reference had been properly notarized. Accordingly, in support of its motion, the plaintiff submitted the new affidavit of Lynda Andersen, officer of Select Portfolio Servicing, Inc. (hereinafter SPS), "acting as attorney-in-fact for the plaintiff," in which she averred, inter alia, that [*2]the defendants defaulted under the terms of the subject note by failing to make the payment due on August 1, 2006. In opposition to the motion, the defendants argued, inter alia, that the plaintiff failed to submit a power of attorney establishing Anderson's authority to act on behalf of the plaintiff. In reply, the plaintiff submitted, inter alia, a limited power of attorney establishing SPS's power to act on behalf of the plaintiff. In two separate orders, both dated April 25, 2017, the Supreme Court, upon vacating the November 2, 2007, order of reference, granted that branch of the plaintiff's motion which was for an order of reference. The defendants appeal, and we affirm both orders.
The plaintiff established its entitlement to an order of reference (see US Bank N.A. v Louis, 148 AD3d 758, 758-759; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 706; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009). Contrary to the defendants' contention, the plaintiff properly submitted, in reply, a power of attorney establishing SPS's authority to act on behalf of the plaintiff to address an argument raised by the defendants in their opposition to the plaintiff's motion (see Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600, 601; cf. HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court