Bank of N.Y. Mellon v Tedesco (2019 NY Slip Op 05379)





Bank of N.Y. Mellon v Tedesco


2019 NY Slip Op 05379


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-03798 
2017-03799
 (Index No. 67644/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Alfonso Tedesco, Jr., appellant, et al., defendant.


Fred M. Schwartz, Smithtown, NY, for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (William Knox of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfonso Tedesco, Jr., appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated February 27, 2017, and (2) a judgment of foreclosure and sale of the same court, also dated February 27, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendant Alfonso Tedesco, Jr., (a) to vacate an order of the same court dated October 9, 2015, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant Alfonso Tedesco, Jr., and for an order of reference, (b) to vacate the referee's report, and (c) pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. The judgment of foreclosure and sale, upon the order dated February 27, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated February 27, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated February 27, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendant Alfonso Tedesco, Jr. (hereinafter the defendant), among others, to foreclose a mortgage on real property in Bohemia. The defendant failed to timely answer the complaint. By order dated October 9, 2015, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved [*2]to vacate the order dated October 9, 2015, to vacate the referee's report, and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. By order dated February 27, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court also issued a judgment of foreclosure and sale dated February 27, 2017. The defendant appeals. We, inter alia, affirm the judgment of foreclosure and sale.
To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; Wells Fargo Bank, N.A. v Singh, 153 AD3d 893; JPMorgan Chase Bank, N.A. v Comfort Boampong, 145 AD3d 981, 982). Here, the defendant's mere denial of receipt of the summons and complaint did not constitute a reasonable excuse for his delay in answering, so as to entitle him to serve a late answer (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 705; Aurora Loan Servs., LLC v Lucero, 131 AD3d 496, 497). Contrary to the defendant's contention, the affidavit of his wife, Theresa Tedesco, was improperly submitted for the first time in reply (see Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817; Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612; Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 733-734). Further, the defendant's appearance at a settlement conference, and his alleged reliance upon statements by the unidentified court representative and the unidentified bank attorney at the settlement conference, did not constitute a reasonable excuse for his delay in answering the complaint (see Wells Fargo Bank, N.A. v Singh, 153 AD3d 893; JPMorgan Chase Bank, N.A. v Comfort Boampong, 145 AD3d at 982; Mannino Dev., Inc. v Linares, 117 AD3d 995). Since the defendant failed to demonstrate a reasonable excuse for his delay in answering the complaint, it is unnecessary to determine whether he demonstrated a potentially meritorious defense to the action (see Vega v West Nostrand Realty, LLC, 169 AD3d 855; Wells Fargo Bank, N.A. v Singh, 153 AD3d at 893; Mannino Dev., Inc. v Linares, 117 AD3d at 995). For the same reasons, the defendant was not entitled to vacatur of the order of reference dated October 9, 2015 (see CPLR 5015[a][1]; HSBC Bank USA, N.A. v Powell, 148 AD3d at 1124; Nationstar Mtge., LLC v McLean, 140 AD3d 1131).
We agree with the Supreme Court's determination confirming the referee's report. Contrary to the defendant's contention, under the circumstances of this case, the referee was not required to conduct a hearing before issuing his report (see Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600, 601; Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981; Wachovia Mtge. Corp. v Lopa, 129 AD3d 830, 831; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708; Dune Deck Owners Corp. v J.J. & P. Assoc. Corp., 85 AD3d 1091; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702; Deutsche Bank Natl. Trust Co. v Jackson, 68 AD3d 805).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denying the defendant's cross motion to vacate the order of reference dated October 9, 2015, to vacate the referee's report, and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court