■ INTEGON NATIONAL INSURANCE COMPANY, Respondent , v ANTHONY C. NOTERILE et al., Defendants, and YOUNG HOON KIM et al., Appellants. [930 NYS2d 260]—

The defendants Young Hoon Kim, Jan Di Kim, and Seul K. Kim (hereinafter collectively the Kims) commenced an action against Anthony C. Noterile and Whitestone Automotive, Inc. (herinafter Whitestone), who are not parties to this appeal, to recover damages for personal injuries. The plaintiff Integon National Insurance, Co. (hereinafter Integon), which insured a tow-truck owned by Whitestone and operated by Noterile, commenced this action for a judgment declaring that it is not obligated to defend and indemnify Noterile and Whitestone in the underlying personal injury action. The Supreme Court granted that branch of Integon's motion which was, in effect, for leave to enter a default judgment against the Kims. We affirm insofar as appealed from.

Integon established its entitlement to a default judgment against the Kims by submitting proof of service of the summons and the complaint, the facts constituting the claim, and the Kims' default (*see* CPLR 3215 [f]; *George v Yoma Dev. Group, Inc.,* 83 AD3d 776 [2011]; *Miterko v Peaslee,* 80 AD3d 736 [2011]). "A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer" (*Ennis v Lema,* 305 AD2d 632, 633 [2003]; *see also Equicredit Corp. of Am. v Campbell,* 73 AD3d 1119, 1120-1121 [2010]). The Kims' contention that their insurance company delayed in informing them that it would not defend them in the instant declaratory judgment action is an insufficient excuse for their default (*see Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]; *Hegarty v Ballee,* 18 AD3d 706 [2005]). Further, their contention that their prior attorneys failed to forward their case file to their current attorneys until November 2009 does not constitute a reasonable excuse, as the record reveals that their current attorneys were in possession of the summons and complaint as early as March 2009. Accordingly, the Supreme Court properly granted that branch of Integon's motion which was, in effect, for leave to enter a default judgment against the Kims. Angiolillo, J.P., Hall, Austin and Cohen, JJ., concur.