■ DEUTSCHE BANK TRUST COMPANY AMERICAS, as Indenture Trustee for the REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2004-3 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2004-3, Respondent, v GABRIEL MAROUS, Also Known as GABRIEL J. MAROUS and Another, Appellant, et al., Defendants. [5 NYS3d 883]—

In an action to foreclose a mortgage, the defendant Gabriel Marous appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated June 27, 2013, which denied his motion, made jointly with the defendant Justine Marous, in effect, to vacate their default in answering and to extend their time to serve an answer.

Ordered that the order is affirmed, with costs.

A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (*see* CPLR 3012 [d]; 5015 [a] [1]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]; *Vigo v 501 Second St. Holding Corp.*, 100 AD3d 871 [2012]; *Integon Natl. Ins. Co. v Noterile*, 88 AD3d 654, 655 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Mannino Dev., Inc. v Linares*, 117 AD3d at 995; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890).

Here, the defendants failed to provide a reasonable excuse for the lengthy delay in seeking to answer the complaint (*see*

*Mannino Dev., Inc. v Linares*, 117 AD3d at 995). As such, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (*see Cervini v Cisco Gen. Constr., Inc.*, 123 AD3d 1077 [2014]; *Cavalry SPV I, LLC v Frenkel*, 119 AD3d 724, 725 [2014]; *Mannino Dev., Inc. v Linares*, 117 AD3d at 995-996). Accordingly, the Supreme Court properly denied the appellant's motion, made jointly with the defendant Justine Marous, in effect, to vacate their default in answering and to extend their time to serve an answer.

To the extent that the appellant's brief purports also to be submitted on behalf of the defendant Justine Marous, we note that Justine Marous is not an appellant, as no notice of appeal was filed on her behalf. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.