■ Solomon Menche, Appellant, v Meltzer, Lippe, Goldstein & Breitstone, LLP, Respondent. [10 NYS3d 556]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated March 26, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendant law firm Meltzer, Lippe, Goldstein & Breitstone, LLP, to represent him in two matters involving his service as a trustee. An engagement letter executed by the parties contained an arbitration provision stating that in the event of "any dispute arising out of or relating to this agreement and/or the legal services rendered hereunder," the parties agreed to binding arbitration before the Alternative Dispute Resolution Tribunal of the Bar Association of Nassau County, Inc. After a dispute arose, the plaintiff commenced this action in the Supreme Court to recover damages for legal malpractice, breach of fiduciary duty, and fraud. The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint, and the Supreme Court granted the motion.

" 'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 857, 858 [2015], quoting *Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]). Contrary to the plaintiff's contention, the arbitration provision of the engagement letter was clear, explicit, and unequivocal, and the legal malpractice and breach of fiduciary duty causes of action fall within the broad scope of this provision (*see Nasso v Loeb & Loeb, LLP*, 19 AD3d 465 [2005]; *Stoll Am. Knitting Mach. v Creative Knitwear Corp.*, 5 AD3d 586 [2004]).

With respect to the cause of action alleging fraud, the plaintiff failed to allege the necessary elements that the defendant made a misrepresentation of material fact which the defendant knew was false, and that the plaintiff justifiably relied on the misrepresentation (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553 [2009]).

Accordingly, the Supreme Court properly granted the defend-

ant's motion pursuant to CPLR 3211 (a) to dismiss the complaint. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.