■ CITIMORTGAGE, INC., Respondent, v JOSEPH KOWALSKI et al., Appellants, et al., Defendants. [13 NYS3d 468]—In an action to foreclose a mortgage, the defendants Joseph Kowalski and Elaina Kowalski appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated February 21, 2014, as denied those branches of their motion which were pursuant to CPLR 317 to vacate an order of reference of the same court dated July 9, 2012, entered upon their failure to appear or answer the complaint, and pursuant to CPLR 3012 (d) to extend their time to serve an answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants were not entitled to relief pursuant to CPLR 317, as they failed to show that they did not receive notice of the action in time to defend themselves from it (*see JPMorgan Chase Bank, N.A. v Russo*, 121 AD3d 1048, 1050 [2014]; *Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820, 821 [2012]). The mere denial of receipt of the summons and complaint is insufficient to establish a lack of actual notice for the purpose of CPLR 317 (*see Bank of N.Y. v Samuels*, 107 AD3d 653, 654 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081-1082 [2011]).

Further, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3012 (d) to extend their time to serve an answer. A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (*see Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012 [2015]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]). Here, the appellants failed to provide a reasonable excuse for the lengthy delay in seeking to answer the complaint (*see Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012 [2015]). As such, it is unnecessary to determine whether the appellants demonstrated the existence of a potentially meritorious defense to the action (*see id.*).

Contrary to the appellants' contention, the plaintiff did not abandon the action by failing to initiate proceedings for the entry of a default judgment of foreclosure and sale within one year of their default (*see* CPLR 3215 [c]; *see also HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]).

Accordingly, the Supreme Court properly denied the subject branches of the appellants' motion. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.