■ ESMERALDA DUPRAT et al., as Executors of MARIE MERVEILLE, Also Known as MARIE CARMEN MERVEILLE, Deceased, Respondents-Appellants, v BMW FINANCIAL SERVICES NA, LLC, a Subsidiary of BMW AD, et al., Appellants-Respondents. [38 NYS3d 32]—

In an action to recover damages for conversion of personal property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 3, 2015, as denied those branches of their motion which were (a), in effect, pursuant to CPLR 3211 (a) to dismiss the complaint, and (b) to compel arbitration pursuant to CPLR 7503 (a), and the plaintiffs cross-appeal from so much of the same order as (a) granted those branches of the defendants' motion which were, in effect, to vacate their default in answering the complaint and to extend their time to answer the complaint and compel acceptance of service of the answer pursuant to CPLR 3012 (d), and (b) denied their cross motion for leave to enter a default judgment against the defendants upon their failure to answer the complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, those branches of the defendants' motion which were, in effect, to vacate their default in answering the complaint and to extend their time to answer the complaint and compel acceptance of service of the answer pursuant to CPLR 3012 (d) are denied, and the plaintiffs' cross motion for leave to enter a default judgment against the defendants upon their failure to answer the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs, as the executors of the estate of a deceased individual, commenced this action against the defendants to recover damages for conversion of personal property. It is undisputed that the defendants failed to interpose a timely answer to the complaint. Approximately six months after the

action was commenced, the defendants moved, in effect, to vacate their default in answering the complaint and to extend their time to answer the complaint and compel acceptance of service of the answer pursuant to CPLR 3012 (d). The defendants also moved, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint and to compel arbitration pursuant to CPLR 7503 (a). The plaintiffs opposed the defendants' motion and cross-moved for leave to enter a default judgment against the defendants upon their failure to answer the complaint.

In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were, in effect, to vacate their default in answering the complaint and to extend their time to answer the complaint and compel acceptance of service of the answer pursuant to CPLR 3012 (d). However, the court denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint and to compel arbitration pursuant to CPLR 7503 (a). The court also denied the plaintiffs' cross motion for leave to enter a default judgment against the defendants upon their failure to answer the complaint. The defendants appeal, and the plaintiffs cross-appeal.

"A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Citimortgage, Inc. v Kowalski*, 130 AD3d 558, 558 [2015]; *see U.S. Bank N.A. v Barr*, 139 AD3d 937 [2016]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012, 1012 [2015]; *see Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]).

Here, the defendants failed to provide a reasonable excuse for the delay in answering. The defendants asserted that they did not serve a timely answer because, "[h]ad [they] served an answer, they risked waiving the right to compel arbitration." This excuse was not reasonable given the procedural means that were available to the defendants to avoid default while preserving their right to demand arbitration of the dispute (*see* CPLR 7503 [a]; *see also* CPLR 3211 [a], [f]; *Menche v Meltzer, Lippe, Goldstein & Breitstone, LLP*, 129 AD3d 682, 682 [2015]; *Serrano v Progressive Ins. Cos.*, 123 AD3d 1000, 1000 [2014]; *see generally Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *Preiss/Breismeister Architects v Westin Hotel Co.-Plaza Hotel Div.*, 56 NY2d 787, 789 [1982]; *De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]). Since the defendants failed to offer a reason-

able excuse for their default, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Maspeth Fed. Sav. & Loan Assn. v McGown,* 77 AD3d at 890). Under the circumstances, the Supreme Court improvidently exercised its discretion in granting those branches of the defendants' motion which were, in effect, to vacate their default in answering the complaint and to extend their time to answer the complaint and compel acceptance of service of the answer pursuant to CPLR 3012 (d) (*see Gershman v Ahmad,* 131 AD3d 1104, 1106-1107 [2015]; *Holloman v City of New York,* 52 AD3d 568, 569 [2008]). In light of the defendants' failure to establish that vacatur of their default was warranted under the circumstances, we need not reach their contention that the court should have granted those branches of their motion which were, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint and to compel arbitration pursuant to CPLR 7503 (a) (*see PHH Mtge. Corp. v Celestin,* 130 AD3d 703, 704 [2015]).

Furthermore, the plaintiffs established their entitlement to a default judgment by submitting proof of service of the summons and complaint, proof of the facts constituting their claim, and proof of the defendants' defaults (*see generally U.S. Bank N.A. v Alba,* 130 AD3d 715, 716 [2015]; *Wassertheil v Elburg, LLC,* 94 AD3d 753, 753 [2012]). Accordingly, the Supreme Court should have granted the plaintiffs' cross motion for leave to enter a default judgment against the defendants upon their failure to answer the complaint. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.