Bank of Am., N.A. v Viener (2019 NY Slip Op 03557)





Bank of Am., N.A. v Viener


2019 NY Slip Op 03557


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-00815
 (Index No. 2751/14)

[*1]Bank of America, National Association, respondent, 
v
Joseph Viener, etc., et al., appellants, et al., defendants.


Sanders Law, PLLC, Garden City, NY (Jonathan M. Cader and Craig B. Sanders of counsel), for appellants.
Hogan Lovells US LLP, New York, NY (Lisa Fried, Chava Brandriss, Ryan Sirianni, and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Viener and Meryl Viener appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 17, 2016. The judgment of foreclosure and sale, upon an order of the same court entered January 26, 2016, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference and denying that branch of their cross motion which was for leave to file a late answer, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In March 2014, the plaintiff commenced this action against the defendants Joseph Viener and Meryl Viener (hereinafter together the defendants) to foreclose a mortgage. The defendants failed to timely appear or answer the complaint. In September 2015, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendants cross-moved, inter alia, pursuant to CPLR 3012(d) for leave to file a late answer, arguing that their participation in mandatory foreclosure settlement conferences pursuant to CPLR 3408, and their participation in loan negotiations, excused their delay in answering. By order entered January 26, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, the court, among other things, referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan. On November 17, 2016, the court entered a judgment of foreclosure and sale. The defendants appeal from the judgment of foreclosure and sale.
A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947; Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d 1012, 1012). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Citimortgage, Inc. v Kowalski, 130 AD3d at 558; Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d at 1012). Here, the defendants' appearance and [*2]participation in mandatory foreclosure settlement conferences pursuant to CPLR 3408, and their participation in loan modification negotiations, did not constitute a reasonable excuse for their delay in answering the complaint (see Wells Fargo Bank, N.A. v Singh, 153 AD3d 893, 893; US Bank N.A. v Louis, 148 AD3d 758, 759; JPMorgan Chase Bank, N.A. v Comfort Boampong, 145 AD3d 981, 982; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109; Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648).
Since the defendants failed to provide a reasonable excuse for their delay in answering, it is not necessary to determine whether they demonstrated a potentially meritorious defense to the action (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; US Bank N.A. v Dedomenico, 162 AD3d 962, 964; Citimortgage, Inc. v Stover, 124 AD3d 575, 576; HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference, and to deny that branch of their cross motion which was for leave to file a late answer.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court