Nationstar Mtge., LLC v Farrell (2019 NY Slip Op 03793)





Nationstar Mtge., LLC v Farrell


2019 NY Slip Op 03793


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-04391
 (Index No. 503247/13)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Pearl D. Farrell, et al., defendants, Duce Realty, Inc., appellant.


Umoh Law Firm, PLLC, Brooklyn, NY (Uwem Umoh of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Duce Realty, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 20, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant Duce Realty, Inc., and for an order of reference and denied the cross motion of the defendant Duce Realty, Inc., inter alia, to compel the plaintiff to accept its late answer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Duce Realty, Inc. (hereinafter the defendant). On July 31, 2013, the plaintiff served the summons and complaint upon the defendant by serving the Secretary of State. The defendant failed to timely interpose an answer to the complaint. On or about January 14, 2015, the plaintiff moved, inter alia, in effect, for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the defendant cross-moved, among other things, to compel the plaintiff to accept a late answer. The Supreme Court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference and denied the defendant's cross motion. The defendant appeals, and we affirm the order insofar as appealed from.
A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947; Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d 1012, 1012). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Citimortgage, Inc. v Kowalski, 130 AD3d at 558; Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d at 1012). Here, the defendant failed to provide a reasonable excuse for its delay in answering. Its conclusory denial of receiving a copy of the summons and complaint is insufficient to overcome the presumption of proper service established by the plaintiff (see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447, 447; 96 Pierrepont v Mauro, 304 AD2d 631). Since the defendant failed to provide a reasonable excuse for its delay in answering, it is not necessary to determine whether the defendant demonstrated a potentially meritorious defense (see Aurora Loan [*2]Servs., LLC v Movtady, 165 AD3d 1025, 1027; US Bank N.A. v Dedomenico, 162 AD3d 962, 964; Citimortgage, Inc. v Stover, 124 AD3d 575, 576; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant and for an order of reference, and to deny the defendant's cross motion.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court