Green Tree Servicing, LLC v Weiss (2020 NY Slip Op 00848)





Green Tree Servicing, LLC v Weiss


2020 NY Slip Op 00848


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-07890
 (Index No. 33634/15)

[*1]Green Tree Servicing, LLC, respondent, 
v
Abraham Weiss, et al., appellants, et al., defendants.


Allen A. Kolber (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Abraham Weiss and Esther Weiss appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated June 19, 2017. The order, insofar as appealed from, granted the plaintiff's motion for an order of reference, appointed a referee to compute the amount due to the plaintiff, and denied those branches of the cross motion of the defendants Abraham Weiss and Esther Weiss which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 3012(d) for leave to serve and file a late answer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Abraham Weiss and Esther Weiss (hereinafter together the defendants). The defendants failed to interpose a timely answer to the complaint. In January 2017, the plaintiff moved for an order of reference. The defendants opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 3012(d) for leave to serve and file a late answer. In an order dated June 19, 2017, the Supreme Court granted the plaintiff's motion, appointed a referee to compute the amount due to the plaintiff, and denied the defendants' cross motion. The defendants appeal.
Contrary to the defendants' contention, the plaintiff established its entitlement to an order of reference by submitting, inter alia, the mortgage and note, the complaint setting forth the facts establishing the claim, and an affidavit attesting to the default, and the defendants did not appear or answer within the time allowed (see RPAPL 1312; Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816).
Moreover, the defendants waived a statute of limitations defense by failing to raise it in an answer or in a timely pre-answer motion to dismiss (see CPLR 3211[a][5]; [e]; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1294; MidFirst Bank v Ajala, 146 AD3d 875; South Point, Inc. v Rana, 139 AD3d 935, 935-936). Further, "[a] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 [*2]AD3d 795, 796; see Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947; Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558). Here, since the defendants failed to proffer a reasonable excuse for their delay in answering the complaint, it is not necessary to determine whether they demonstrated a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Smart, 155 AD3d 843; US Bank N.A. v Smith, 132 AD3d 848, 851).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for an order of reference, and denying those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, and pursuant to CPLR 3012(d) for leave to serve and file a late answer.
The defendants' remaining contentions are either without merit or are improperly raised for the first time on appeal.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court