Belches v City of New York (2021 NY Slip Op 00829)





Belches v City of New York


2021 NY Slip Op 00829


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-03839
 (Index No. 518859/17)

[*1]Sarah Belches, appellant, 
v
City of New York, et al., respondents.


Weiss & Akerman, New York, NY (Robert Weiss of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Susan Paulson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 11, 2019. The order granted the defendants' motion pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of their amended answer and denied the plaintiff's motion for leave to enter a default judgment against the defendants Meleki O'Neal and Sencia Datilus.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries on August 25, 2016, while exiting an ambulance operated by the Fire Department of the City of New York (hereinafter FDNY). On September 29, 2017, the plaintiff filed a summons and complaint naming the City of New York, and Meleki O'Neal and Sencia Datilus, paramedics employed by the FDNY, as defendants. The City served an answer on October 18, 2017, on behalf of itself. On November 2, 2017, O'Neal and Datilus were served. An amended answer on behalf of all defendants was served on October 23, 2018, and a second amended answer was served on November 1, 2018. The plaintiff rejected the amended answer and the second amended answer as untimely.
In December 2018, the defendants moved pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of their amended answer. The plaintiff then moved for leave to enter a default judgment against O'Neal and Datilus. In an order dated January 11, 2019, the Supreme Court granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). To compel the plaintiff to accept their untimely answer, O'Neal and Datilus were required to demonstrate both a reasonable excuse for the delay and a potentially meritorious defense (see U.S. Bank N.A. v Barr, 139 AD3d 937, 937). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; see Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947). This determination is based on numerous factors, "including the extent of the delay, whether there has been prejudice to the opposing party, [*2]whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Gomez v Gomez-Trimarchi, 137 AD3d 972, 973 [internal quotation marks omitted]).
The City is obligated to defend and indemnify its employees in any civil action that arises from an act or omission that occurs "while the employee was acting within the scope of his public employment and in the discharge of his duties" (General Municipal Law § 50-k[2]). Thus, because the Corporation Counsel of the City of New York (hereinafter Corporation Counsel) must properly investigate a claim upon an employee's request for representation (see General Municipal Law § 50-k[4]), an employee's delay in serving an answer is reasonable where, as here, the employee is awaiting the Corporation Counsel's determination as to whether the City will undertake his or her defense (see Myers v City of New York, 110 AD3d 652, 652; Harris v City of New York, 30 AD3d 461, 464; Goldman v City of New York, 287 AD2d 482, 483). In addition, in light of the lack of prejudice to the plaintiff due to the defendants' delay in serving the amended answer, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against O'Neal and Datilus and in granting the defendants' motion pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of their amended answer (see 3012[d]; Marcelli v Lorraine Arms Apts., LLC, 164 AD3d 1226, 1226; Hutchinson v New York City Health & Hosps. Corp., 118 AD3d 945, 945).
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court