Goldstein v Ilaz (2022 NY Slip Op 04154)

Goldstein v Ilaz

2022 NY Slip Op 04154

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-12816
 (Index No. 521016/18)

[*1]Gloria Goldstein, appellant, 
v
Jamil A. Ilaz, respondent.

Herschel Kulefsky (Ephrem J. Werteneil, New York, NY, of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Matthew Williams and Brian Davey of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 4, 2019. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer is denied.
On October 19, 2015, the plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting certain premises owned by the defendant. By summons and complaint dated October 17, 2018, the plaintiff commenced the instant action to recover damages for personal injuries. On November 27, 2018, the plaintiff effected service upon the defendant. The defendant served an answer dated January 9, 2019, which the plaintiff rejected as untimely.
By notice of motion dated January 15, 2019, the defendant moved pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (id.; see Belches v City of New York, 191 AD3d 754, 754-755). To compel the plaintiff to accept her untimely answer, the defendant was required to demonstrate both a reasonable excuse for the delay and a potentially meritorious defense (see Belches v City of New York, 191 AD3d at 755; U.S. Bank N.A. v Barr, 139 AD3d 937, 937). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; see Belches v City of New York, 191 AD3d at 755; Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947).
Here, the Supreme Court improvidently exercised its discretion in finding that the defendant proffered a reasonable excuse for her delay in timely answering the complaint. The bare [*2]allegation by the defendant's attorney that the delay was caused by the defendant's insurance carrier is insufficient to excuse the delay in answering the complaint (see Rochdale Ins. Co. v Fairview Nursing Care Ctr., Inc., 186 AD3d 1425; Glanz v Parkway Kosher Caterers, 176 AD3d 686, 688; Campbell v Ghafoor, 8 AD3d 316, 317). The absence of a reasonable excuse for the defendant's default renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Kim v S & M Caterers, Inc., 112 AD3d 581). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court