| CitiMortgage, Inc. v Bronner |
| :---: |
| 2024 NY Slip Op 32572(U) |
| July 22, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 4370/2014 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

At an IAS Term, Part FRP4, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York, on the 22nd day of July 2024.

------------------------------------------------------------------ X

CITIMORTGAGE, INC.,

Plaintiff,

Index No.: 4370/2014

- against -

MARY BRONNER et al.,

**DECISION AND ORDER**

Defendants.

------------------------------------------------------------------ X

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this motion:

Papers Numbered

| Plaintiff's Notice of Motion, affirmations, exhibits | NYSCEF Doc. No(s). 32-45 |
|---|---|
| Notice of Cross-Motion, affirmation, affidavits, exhibits | NYSCEF Doc. No(s). 47-56 |
| Affirmation in Opposition to Cross-Motion, exhibits | NYSCEF Doc. No(s). 59-61 |
| Affirmation in Reply | NYSCEF Doc. No(s). 62 |
| Affirmation in Reply | NYSCEF Doc. No(s). 63-64 |

Papers considered: Motion Sequence 7 & 8

**INTRODUCTION**

Plaintiff moves for an order pursuant to CPLR 3215 and RPAPL 1321 seeking: (1) leave to fix defaults of non-appearing defendants; (2) issuance of an order of reference to compute sums due under a mortgage; and (3) any other relief that may be just and proper. Defendant 245 Montauk Holding Corp. ("245 Montauk") opposes Plaintiff's motion on the grounds that Plaintiff lacks standing, fails to attach the pleadings, and fails to demonstrate that the documents submitted in support of its motion are admissible. Defendant 245 Montauk cross-moves for an order pursuant to CPLR 2004 and 3012 (d)(1) seeking to extend its time to answer, and other and different relief

1

[* 1]

the court deems just, proper, and equitable. For the reasons set forth below, Plaintiff's motion is DENIED in its entirety. Defendant's Cross-Motion is DENIED in its entirety.

## FACTUAL AND PROCEDURAL HISTORY

This residential mortgage foreclosure proceeding was commenced on March 21, 2014, with the filing of a Summons and Complaint (NYSCEF Doc. No. 1). Plaintiff CitiMortgage ("CitiMortgage") seeks to foreclose on the mortgage lien for 245 Montauk Avenue, Brooklyn, New York 11208 ("subject premises").

Defendant Mary Bronner ("Bronner") executed a promissory note and mortgage with Argent Mortgage Company, LLC, in the amount of $496,000 on May 19, 2006, for the subject premises. The mortgage was recorded on May 31, 2006 (NYSCEF Doc. No. 1). Subsequently, the mortgage was assigned by Argent Mortgage Company, LLC, to U.S. Bank National Association, as Trustee of Citigroup Mortgage Loan Trust Inc. U.S. Bank then assigned the mortgage to CitiMortgage, Inc. on August 21, 2013 (NYSCEF Doc. No. 1 at 44, 47). The loan is currently being serviced by Cenlar FSB, a sub-servicer of CitiMortgage.

The instant action was commenced by CitiMortgage after Bronner defaulted on her repayment obligations. Bronner has made no payments on the loan since September 1, 2007, and the unpaid principal balance is currently $492,439.64. *See* Amended Complaint, at ¶ 18 (NYSCEF Doc. No. 24). Defendant Glen Battles (John Doe # 1) and Defendant Myrtle Antoine (Jane Doe #2) were served personally on April 3, 2014. Bernice Battles (Jane Doe # 1) was served via substitute service on the same day. All three Defendants defaulted. As none of these Defendants appeared, CitiMortgage sought a reference on default by notice of motion dated July 29, 2015, which the court then granted on March 3, 2016. *See* Order of Reference issued by the Honorable Noach Dear (NYSCEF Doc. No. 1 at 114-117). This Order of reference fixed the defaults of

2

[* 2]

current named defendants other than 245 Montauk Holding Corp. ("245 Montauk") and Mohammed K. Hossain.

Bronner conveyed title to the subject premises on December 2, 2017 to 1580 Metropolitan Holding Corp. while approval for a short sale of the property was pending (NYSCEF Doc. No. 12). CitiMortgage was unaware of the transfer of title and granted approval for a short sale on December 4, 2017. *See* Affirmation of Terry White, at ¶9; Correspondence from CitiMortgage to Defendant Bronner (NYSCEF Doc. Nos. 33 and 38). 1580 Metropolitan Holding Corp. subsequently conveyed title to Mahfuza Akhter by deed dated February 28, 2021, and the deed was recorded on April 2, 2021 (NYSCEF Doc. No. 13). Mahfuza Akhter then transferred title to 245 Montauk by deed dated July 16, 2021, which was recorded on September 7, 2021 (NYSCEF Doc. No. 14).

CitiMortgage moved to remove Bronner from this action and to add 245 Montauk and Mohammed K. Hossain as parties on May 4, 2023 (NYSCEF Doc. No. 5). This unopposed motion was granted on July 24, 2023 by order of the Honorable Larry Martin (NYSCEF Doc. No. 22). CitiMortgage filed a Supplemental Summons and Amended Complaint on July 31, 2023 (NYSCEF Doc. Nos. 23-24). Mohammed K. Hossain was served at his dwelling place on August 3, 2023, via substitute service, and mailed papers on August 7, 2023. Mr. Hossain did not respond to the complaint. 245 Montauk was served via the New York Secretary of State on August 11, 2023 (NYSCEF Doc. Nos. 26-27). 245 Montauk served an answer on December 13, 2023 (NYSCEF Doc. No. 29). CitiMortgage rejected this answer as untimely (NYSCEF Doc. No. 31).

3

## DISCUSSION

I. <u>Plaintiff's Motion For an Order of Reference is DENIED.</u>

A plaintiff establishes its entitlement to "an order of reference (*see* RPAPL 1321) through the submission of, inter alia, the affidavit of an employee of the loan servicer which set forth the facts establishing the cause of action, the note and mortgage, proof that the defendant defaulted under the terms of the note and mortgage, as well as proof that the defendant failed to answer or appear within the time allowed." *Aurora Loan Servs., LLC v. Colleluori*, 170 A.D.3d 1097, 1098 (2d Dep't 2019), *quoting Nationstar Mtge., LLC v. Kamil*, 155 A.D.3d 968, 968 (2d Dep't 2017); *see also Wells Fargo Bank, N.A. v. Webster*, 61 A.D.3d 856 (2d Dep't 2009); *Swedbank, AB, N.Y. v. Hale Ave. Borrower, LLC*, 89 A.D.3d 922, 923 (2d Dep't 2011). Here, Plaintiff has submitted an affidavit of Terry White, Vice President and Senior Recovery Analyst for CitiMortgage, Inc., as well as, the note, mortgage, and transfer/assignment documents. In opposition to the motion, Defendant 245 Montauk argues that Plaintiff lacks standing, has failed to attached pleadings, and has submitted documents that are inadmissible.

A. <u>Defendant 245 Montauk Fails To Demonstrate That Plaintiff Lacks Standing.</u>

"Standing in residential mortgage foreclosure actions may be established any of three ways. One is where the plaintiff is the original lender in direct privity with the defendant. […] The second basis for standing is where the plaintiff is a holder in physical possession of the note prior to the commencement of the action, with an allonge or indorsement in blank. […] The third is when the note underlying an action was assigned to the plaintiff prior to the date of commencement of the action." *Wilmington Sav. Fund Socy., FSB v. Matamoro*, 200 A.D.3d 79, 90-91 (2d Dep't 2021). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage

4

[* 4]

passes with the debt as an inseparable incident." *U.S. Bank Nat'l Ass'n v. Rozo-Castellanos*, 201 A.D.3d 995, 998 (2d Dep't 2022). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law; rather the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing." *Deutsche Bank Natl. Trust Co. v. Vitellas*, 131 A.D.3d 52, 60 (2d Dep't 2013).

Here, Plaintiff's exhibits to its motion show a chain of assignments from the original Mortgagee, Argent Mortgage, to CitiMortgage, Inc. (NYSCEF Doc. Nos. 36-37). The chain appears to be complete and unbroken. If Defendant 245 Montauk has evidence showing that there have been further transfers or assignments that would substantiate its claim that Plaintiff CitiMortgage lacks standing to bring this action, and thus make out a prima facie case, it must produce that evidence. Conclusory statements are not sufficient to establish a prima facie lack of standing. Therefore, the argument that Plaintiff lacks standing is insufficient.

B.    Defendant 245 Montauk Fails To Demonstrate That Plaintiff Failed to Properly Support Its Motion.

Defendant 245 Montauk alleges that CitiMortgage fails to support its motion by annexing a copy of the pleadings as required by CPLR 3212 (b). However, this omission is properly disregarded here because: (1) the pleadings are electronically filed and available to the Court and parties; and (2) Defendant 245 Montauk does not allege that it was prejudiced by the omission. *See Sensible Choice Contr., LLC v. Rodgers*, 164 A.D.3d 705, 707 (2d Dep't 2018). Accordingly, Defendant 245 Montauk's argument that Plaintiff's failure to attach pleadings requires denial of Plaintiff's motion is without merit.

C.     Defendant 245 Montauk Has Established That Plaintiff's Business Records Dated After April 1, 2019 Fails To Meet the Business Records Admissibility Standard.

In addressing the admissibility of business records, it is necessary to ascertain how and when the documents at issue were created. Under CPLR 4518 (a), as the New York Court of Appeals detailed in *People v. Kennedy*, 68 N.Y.2d 569, 579-80 (1986), the requirements are as follows: "(a): *first*, that the record be made in the regular course of business—essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business; *second*, that it be the regular course of such business to make the record (a double requirement of regularity)—essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record; and *third*, that the record be made at or about the time of the event being recorded—essentially, that recollection be fairly accurate and the habit or routine of making the entries assured." Further, as regards admissibility, "'[A] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures'..." *Citibank, N.A. v. Cabrera,* 130 A.D.3d. 861, 861 (2d Dep't 2015). *See also Aurora Loan Servs., LLC v. Mercius*, 138 A.D.3d 650 (2d Dep't 2016). That said, "[i]t would clearly defeat the utility of CPLR 4518 to require the testimony of all persons involved in creating the record." Jerome Prince, Richardson on Evidence § 8–306 (Farrell 11th ed 1995).

"It is true that as a general rule, 'the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records' [...] However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or **establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business.**" (Internal citations

6

omitted)(emphasis added); *Bank of New York Mellon v. Gordon*, 171 A.D.3d 197, 205 (2d Dep't 2019). *See also Burgess v. Leon's Auto Collission Inc.,* 87 Misc. 2d 351, 354 (Civ Ct 1976); *Bank of Am., N.A. v Huertas*, 195 A.D.3d 891 (2d Dep't 2021); *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 A.D.3d 780 (2d Dep't 2019).

Here, the affirmation and reply affirmation of Terry White, CitiMortgage Vice President and Recovery Senior Analyst, demonstrate sufficient knowledge of CitiMortgage's business practice of creating and maintaining business records related to mortgages and mortgage servicing (NYSCEF Doc. Nos. 33 and 62). Such records are created and maintained for the purpose of documenting mortgage information and are generally prepared contemporaneously with the events memorialized in such documents, pursuant to established internal and regulatory banking procedures. However, Mr. White's personal knowledge suffices only through April 1, 2019, when the mortgage servicing was transferred to subservicer Cenlar FSB. As such, Mr. White's affirmations meet the CPLR 4518 requirements to have CitiMortgage's records (NYSCEF Doc. No. 39) admitted as business records for review before this Court under the business records exception to the hearsay rule through April 1, 2019.

With respect to mortgage servicing from April 2, 2019 onward, the records submitted (NYSCEF Doc. No. 40) are not in the same format and do not contain the same information as Plaintiff's own internal documents. Though CitiMortgage may have received such records from Cenlar FSB, Mr. White does not establish their incorporation into Plaintiff's records and Plaintiff's routine reliance on such documents received. Merely stating in his Reply Affirmation that "CitiMortgage relies on the business records of its subservicer" is conclusory and lacks the specificity to establish such a claim. *See* Reply Affirmation of Terry White, dated April 25, 2024, at ¶9 (NYSCEF Doc. No. 62). Mr. White does not describe any procedure by which documents

[* 7]

are received or incorporated into CitiMortgage's record, nor does he specify a date or regular timeline on which Cenlar FSB's records are received and incorporated into CitiMortgage's own business records. This demonstrates a lack of knowledge of CitiMortgage's procedure for incorporating and relying on the records of its sub-servicer Cenlar FSB. Furthermore, the later records provided from Cenlar FSB do not contain any readily identifying information showing the account to which the figures belong, nor is Bronner's name anywhere within the forty-five pages of the proffered exhibit.

Accordingly, the records CitiMortgage annexes as NYSCEF Document Number 39 are admissible as CitiMortgage's business records and the records attached as NYSCEF Document Number 40 are inadmissible, as CitiMortgage has not laid a foundation of admissibility for the proffered records relating to April 2, 2019, and onward.

II.     Defendant 245 Montauk's Cross-Motion To Extend Its Time To Answer Is DENIED.

"In order to successfully oppose a motion for leave to enter a default judgment, a defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action." *Cartessa Aesthetics, LLC v. Demko,* 217 A.D.3d 821, 821-822 (2d Dep't 2023), *quoting Maldonado v. Mosquera,* 186 A.D.3d 1352, 1353 (2d Dep't 2020); *see Rosenzweig v. Gubner,* 194 A.D.3d 1086, 1088 (2d Dep't 2021); *see also Nowakowski v. Stages,* 179 A.D.3d 822, 823 (2d Dep't 2020); *see generally* CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court." *Deutsche Bank Trust Co. Ams. v. Marous,* 127 A.D.3d 1012 (2d Dep't 2015); *see also Duprat v. BMW Fin. Servs., NA, LLC,* 142 A.D.3d 946, 947 (2d Dep't 2016). "A Defendant is not required to establish its defense as a matter of law; it

8

[* 8]

need only set forth facts to make out a prima facie showing of a meritorious defense." *Quis v. Bolden*, 298 A.D.2d 375 (2d Dep't 2002).

The discretionary nature of deciding a motion to extend time to answer is balanced against the Appellate Division, Second Department's interpretation of statutes governing service of process. In *HSBC Bank USA, N.A. v. Powell*, 148 A.D.3d 117, 118 (2d Dep't 2017), the Second Department held that "bare denial of service of the summons and complaint [does] not constitute a reasonable excuse for [a defendant's] delay in answering, so as to entitle [a defendant] to serve a late answer." *See also Wells Fargo Bank, N.A. v. Hernandez*, 204 A.D.3d 958, 960 (2d Dep't 2022). Moreover, the Second Department has found that a plaintiff may establish that service was effected upon Defendant "by delivering copies of the summons and complaint to the Secretary of State…and the defendant's mere denial of receipt, in opposition, was insufficient to rebut the presumption of proper service created by service upon the Secretary of State." *NYCTL 2013-A Tr. v. Heights Houses Corp.*, 172 A.D.3d 1078, 1079 (2d Dep't 2019).

Here, Plaintiff provides proof that it served Defendant 245 Montauk by serving the New York Secretary of State on August 11, 2023 (NYSCEF Doc. No. 27). Plaintiff further asserts that it also served Defendant's attorney, Biolsi Law Group, P.C., via mail, at the time the order granting leave to amend the caption and issue a supplemental summons, along with the notice of entry, were filed, on July 31, 2023 (NYSCEF Doc. No. 25). As to service on the law firm, Biolsi Law Group, P.C., was counsel to Bronner at the time she was removed as a defendant in this action, and the firm now represents Defendant 245 Montauk. While the firm would have had notice of the addition of 245 Montauk as a defendant, as well as access to the supplemental summons and amended complaint, it is unclear when Biolsi Law Group, P.C. was retained to represent Defendant 245 Montauk in this action. As such, although Plaintiff argues that Defendant 245 Montauk had

9

notice (*see* NYSCEF Doc. No. 59 at ¶ 38-39), it is not clear that the firm already represented Defendant 245 Montauk in their present capacity as its counsel, nor that the firm had the obligation to inform Defendant 245 Montauk of the present proceeding. Thus, this portion of Defendant's argument fails.

Turning to the issue of service upon the Secretary of State, Defendant 245 Montauk does not attempt to refute this service; it simply denies having received notice from the Secretary of State of the present proceeding due to unspecified delays admitted to by the Secretary of State's office (NYSCEF Doc. Nos. 50-51). To support its argument, Defendant submits the affidavit of Jahangir Mohammed Alam, a resident of the subject premises who affirms that he accepts mail on behalf of Defendant 245 Montauk and has not received any pleadings in this action. *See* Affirmation of Truth of Jahangir Mohammed Alam, dated April 18, 2024, at ¶¶4-7 (NYSCEF Doc. No. 51). Defendant also submits the affidavit of its president, Parvin Islam, who asserts that her attorneys informed her that the Secretary of State "has had increased processing delays." Affirmation of Truth of Parvin Islam, dated April 20, 2024, at ¶10 (NYSCEF Doc. No. 50). In addition, Mrs. Islam asserts that Defendant 245 Montauk had no notice of this proceeding until "November or December" of 2023, when she started receiving calls from investors seeking to acquire the subject property. *See Id.* at ¶6 (NYSCEF Doc. No. 50). As such, upon learning of the suit, Defendant 245 Montauk attempted to interpose an answer on December 13, 2023, which was then rejected by Plaintiff. *See Id.* at ¶7.

It is established that service is valid upon delivery of the papers to the Secretary of State and the filing of an affidavit of service. *See* BCL 306(b); *see also Shimel v. 5 S. Fulton Ave. Corp.*, 11 A.D.3d 527 (2d Dep't 2004). Therefore, it is within the discretion of this Court to consider circumstances such as delay in delivery when determining whether to grant an extension of time

10

[* 10]

to answer. *See Deutsche Bank Trust Co. v. Marous,* 127 A.D.3d 1012. In *State Farm Fire & Cas. Co. v. Gantt,* 2021 N.Y. Misc. LEXIS 3133 (Sup. Ct. Kings Co. 2021) and *State Farm Fire & Cas. Co. v. Pettaway,* 2021 N.Y. Misc. LEXIS 3127 (Sup. Ct. Kings Co. 2021), Justice Lawrence Knipel found that the Defendants provided a reasonable excuse for default by submitting an affidavit from the law firm's former paralegal, who attested that while employed with the firm, she "contacted the office of the Secretary of State and was informed that it was experiencing a backlog of pleadings causing a delay in service." *Id.* at *3. These cases are distinguishable from the instant matter.

Here, Defendant 245 Montauk provides an affidavit from its president that its attorneys informed her that there were "increased processing delays, which is likely why [she] never received the Summons and Amended Complaint." *See* Islam Affidavit, ¶10. In addition, Defendant submits the Attorney Affirmation of Kyra Mercadier, who merely affirms that "Defendant should be reasonably excused from its default in appearance as it did not receive any documents from the Secretary of State, which admitted to lengthy delays in processing service." *See* Affirmation of Kyra Mercadier, dated April 22, 2024, ¶3 (NYSCEF Doc. No. 48). Neither affirmation provides that the facts upon which they rely are based on personal knowledge or information as the affirmations in the *State Farm* cases cited above.

Furthermore, Defendant 245 Montauk's inclusion of language from the Department of State website concerning processing delays fails to provide a date as to when this language was placed on the website and if such processing delays were in existence in August 2023, when the Secretary of State was served in this matter. Moreover, Defendant 245 Montauk's reference to Prof. Patrick M. Connors' commentary on CPLR 3212 in its Memorandum of Law, which advises that Courts "should be sensitive to this problem and be more forgiving to a corporate defendant

11

who has failed to timely answer after being served through BCL 306(b), is unpersuasive and unavailing as the commentary discusses issues with service of process in 2022, not 2023. *See* Defendant 245 Montauk Memorandum of Law, Page 4-5 (NYSCEF Doc. No. 49). While this Court has exercised its discretion to determine if a reasonable cause for delay exists, Defendant 245 Montauk simply fails to provide a reasonable excuse for its delay in answering.

Therefore, as the Court has found that Defendant 245 Montauk did not provide a reasonable excuse for the delay in answering, the Court finds it unnecessary to consider whether Defendant 245 Montauk sufficiently demonstrated the existence of a potentially meritorious defense. *See Deutsche Bank Trust Co. v. Marous,* 127 A.D.3d 1012; *See also BAC Home Loans Servicing, LP v. Reardon,* 132 A.D.3d 790 (2d Dep't 2015); *HSBC Bank USA, N.A. v. Lafazan,* 115 A.D.3d 647, 648 (2d Dep't 2014); *Maspeth Fed. Sav. & Loan Assn. v. McGown,* 77 A.D.3d 889, 890 (2d Dep't 2010).

## CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motion for leave to fix defaults of non-appearing defendants and issuance of an order of reference to compute sums due under a mortgage is DENIED. Defendant 245 Montauk's cross-motion for an extension of time to answer is DENIED.

This constitutes the Decision and Order of the Court.

ENTER:

_____
Hon. Carolyn Walker-Diallo, J.S.C.

12