Bacova v City of New York (2024 NY Slip Op 03872)

Bacova v City of New York

2024 NY Slip Op 03872

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-03382
 (Index No. 511024/21)

[*1]Bujar Bacova, et al., appellants, 
v
City of New York, respondent, et al., defendants.

Gene Novak, Brooklyn, NY, for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jesse A. Townsend and Hannah J. Sarokin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 31, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant City of New York and granted that branch of that defendant's cross-motion which was pursuant to CPLR 3012(d) to compel the plaintiffs to accept its late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2020, certain real property owned by the plaintiffs allegedly was damaged due to nearby excavation work occurring near that property. The plaintiffs commenced this action against, among others, the City of New York to recover damages for injury to the property and served the City with the summons and complaint on May 18, 2021. Upon the City's failure to timely interpose an answer, the plaintiffs moved, inter alia, for leave to enter a default judgment against the City on July 19, 2021. The City interposed an answer on August 24, 2021, which the plaintiffs rejected as untimely. The City opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3012(d) to compel the plaintiffs to accept its late answer. The Supreme Court denied that branch of the plaintiffs' motion and granted that branch of the City's cross-motion. The plaintiffs appeal.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Pare v Pare, 222 AD3d 765, 767; see Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566; U.S. Bank N.A. v Barr, 139 AD3d 937, 937). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; see Goldstein v Ilaz, 206 AD3d 976, 976). "This determination is based on numerous factors, 'including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, [*2]and the strong public policy in favor of resolving cases on the merits'" (Belches v City of New York, 191 AD3d 754, 754, quoting Gomez v Gomez-Trimarchi, 137 AD3d 972, 973).
Here, the City demonstrated a reasonable excuse for its delay in answering the complaint (see Pare v Pare, 222 AD3d at 767; Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d at 566). The City also set forth a potentially meritorious defense (see Belches v City of New York, 191 AD3d at 754; Harris v City of New York, 30 AD3d 461, 464). Consequently, in light of the evidence that the City's delay was not willful, the lack of prejudice to the plaintiffs resulting from the City's short delay in answering the complaint, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to enter a default judgment against the City (see CPLR 3215[f]) and granting that branch of the City's cross-motion which was pursuant to CPLR 3012(d) to compel the plaintiffs to accept its late answer (see Pare v Pare, 222 AD3d at 767; Belches v City of New York, 191 AD3d at 754).
The plaintiffs' remaining contention is without merit.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court